United States District Court
Southern District of Texas
**ENTERED**
March 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MANUEL ROJAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-238 |
| § | |
| VICENTE MARTINEZ, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Manuel Rojas's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's retaliation claim be retained against one defendant in his individual capacity. It is

respectfully recommended further that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (2) Plaintiff's remaining claims against all Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff was convicted in Fort Bend County of aggravated robbery and sentenced on February 25, 1999 to life in prison. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's current housing assignment.

Plaintiff filed his original complaint on August 10, 2018, naming the following McConnell Unit officials: (1) Vicente Martinez, Guard; (2) Georgy Samuel, Nurse; (3) Placido Samniego, Jr., Guard; (4) John Doe, Disciplinary Hearing Officer (DHO); (5) Kenneth Putnam, Assistant Warden; and (6) Adriana Cano, Guard. Plaintiff's complaint is silent as to whether he sues Defendants in their individual capacities, official capacities, or both. The undersigned nevertheless construes Plaintiff's complaint as suing

Defendants in both their individual and official capacities.  Plaintiff seeks declaratory, injunctive, and monetary relief.  (D.E. 1-1, p. 4).

On November 6, 2018, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims.  The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing.  In either June or July 2016, Plaintiff brought a formal complaint against Officer Martinez for falsifying documents in connection with filing a disciplinary case against Plaintiff for: (1) being out of place; and (2) trafficking and trading.  Plaintiff complained that Officer Martinez soon thereafter began to harass and threaten him with false disciplinary cases or a transfer to a medium custody prison.

On or about September 19 or 20, 2016, Officer Martinez conducted a roster count at Plaintiff's cell door.  Plaintiff's cell mate was asleep in the bottom bunk while Plaintiff was writing a letter.  Officer Martinez told Plaintiff "I got you bitch for writing me up." Officer Martinez called for help on his radio, stating that Plaintiff and his cell mate were having sex.  Officer Martinez accused Plaintiff of sexually assaulting his cell mate.

Three officers entered Plaintiff's cell and handcuffed Plaintiff.  Both Plaintiff and his cell mate were escorted to the medical department.  Officers forced Plaintiff to remove his clothing by pulling his boxers down while he was still in his hand restraints. Nurse Samuel and Officer Samniego forced Plaintiff to comply with the search of his body with threats of being locking Plaintiff up and bringing a disciplinary case against

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

him. Plaintiff was then held down on a padded table. Nurse Samuel sexually assaulted Plaintiff by handling Plaintiff's genitalia with his gloves and inserting his gloved index finger into Plaintiff's anus while he was handcuffed. Nurse Samuel found no evidence that Plaintiff had been penetrated or had penetrated his cell mate. These findings were entered into his clinical notes. Officer Samniego watched and laughed while Plaintiff was being sexually assaulted. Officer Martinez and Nurse Samuel were also laughing at Plaintiff. Following the examination, Plaintiff was hurting physically for awhile and suffers from mental anguish.

Nurse Tebow performed the same physical examination on Plaintiff's cell mate. Nurse Tebow found no evidence to support any allegation of sexual assault. Following the incident, Plaintiff was moved to another cell.

Plaintiff's cell mate was found not guilty in his disciplinary case involving the incident with Plaintiff. Even though there was no evidence to support his guilt, Plaintiff was found guilty by DHO John Doe[2] of engaging in consensual activity for the purpose of sexual gratification. Plaintiff was represented by counsel substitute at his disciplinary hearing.

In connection with Plaintiff's disciplinary hearing, Officer Cano refused to call witnesses or produce exculpatory evidence. Plaintiff's cell mate executed statements in which he indicated that Plaintiff had never threatened him or physically assaulted him. These statements were entered into the record of the disciplinary case. DHO John Doe failed to allow other witnesses to testify and other exculpatory evidence. Following the

---

[2] Plaintiff testified at the *Spears* hearing that the DHO's name was A. Pomb.

guilty verdict, Plaintiff was punished as follows: (1) 45 days loss of recreation and commissary; (2) 45 days of phone restrictions; (3) reduction in line class from trustee status to line 1; (4) temporary cancellation of visitation; and (5) about 100 days loss of good time credits. Plaintiff is ineligible for release to mandatory supervision.

After the disciplinary hearing, Plaintiff was placed in a more restrictive environment. Assistant Warden Putnam failed to investigate and intervene when he knew about the incident. Plaintiff discussed Officer Martinez's actions with Warden Putnam, who indicated that he was shocked at Plaintiff's placement in a more restrictive environment. Despite being aware of Plaintiff's former status as a trustee and the medical records showing he had not committed a sexual offense, Warden Putnam dismissed one of Plaintiff's grievances complaining about the disciplinary proceeding.

During the *Spears* hearing, Plaintiff testified that he would like to sue an official named Darion Meyer, who was not one of the six defendants named in the original complaint. According to Plaintiff, Mr. Meyer had the responsibility to investigate Plaintiff's situation under the Pre-Rape Elimination Act (PREA) but failed to do so. Plaintiff further testified that he intended to sue an eighth defendant. Plaintiff indicated that he had in his possession a typewritten complaint that named eight defendants instead of the six defendants named in the handwritten complaint filed with the Court. Plaintiff, however, sent the typewritten complaint to the state court in Beeville, Texas. Plaintiff's state court case was dismissed upon the court's finding that Plaintiff was not indigent. The dismissal was affirmed on appeal to the state appellate court.

At the conclusion of the *Spears* hearing, the undersigned granted Plaintiff thirty (30) days to file a more detailed amended complaint which includes the name of the seventh and eighth defendants. Plaintiff was subsequently granted an extension of time, until January 7, 2019, to file his amended complaint. (D.E. 11). To date, Plaintiff has failed to file an amended complaint adding any additional defendants.[3]

### III.  LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an

---

[3] Because Plaintiff has not filed an amended complaint as directed, the undersigned concludes that he has abandoned asserting any claims against Mr. Meyer and the eighth defendant.

indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV. DISCUSSION

### A. Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against these defendants in their official capacities be dismissed with prejudice.

B.   **Supervisory Defendant (Warden Putnam)**

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011).

While Plaintiff's allegations suggest that Warden Putnam had knowledge of Plaintiff's issues, Plaintiff alleges nothing to suggest that Warden Putnam had any personal involvement in these matters. Plaintiff, therefore, has failed to allege a plausible claim against Warden Putnam in his role as a supervisory official.

Plaintiff's allegations against Warden Putnam center on his dissatisfaction with his failure to investigate Plaintiff's claims and his decision to reject one of Plaintiff's grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*,

252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances). Accordingly, it is respectfully recommended that Plaintiff's claim against Warden Putnam be dismissed with prejudice.

### C. Sexual Assault

Plaintiff alleges that Nurse Samuel sexually assaulted him by inserting his index finger into Plaintiff's anus. He further alleges that Officers Martinez and Samniego participated in the assault by watching and laughing nearby. The Fifth Circuit has recognized that prisoners have a constitutional right to bodily privacy, but this right is "minimal at best." *Tuft v. Texas,* 410 F. App'x 770, 776 (5th Cir. 2011) (citing *Oliver v. Scott,* 276 F.3d 736, 745 (5th Cir. 2002)). As such, prisoners lose "those rights that are necessarily sacrificed to legitimate penological needs." *Tufts,* 410 F. App'x at 776 (citing *Elliott v. Lynn,* 38 F.3d 188, 190–91 (5th Cir. 1994)). However, sexual abuse of a prisoner by prison officials may violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment. *See Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir. 1997).

Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *See Boddie,* 105 F.3d at 861. Not every incident of sexual abuse will meet this test. *See, e.g., Berryhill v. Schriro,* 137 F.3d 1073, 1076–77 (8th Cir. 1998) (touching of inmate's buttocks by prison employees, though

inappropriate does not violate the Eighth Amendment); *Nelson v. Michalko,* 35 F.Supp.2d 289, 293 (W.D.N.Y. 1999) (use of hand-held metal detector to touch inmate's anal area during lawful frisk did not violate Eighth Amendment); *Cooper v. Caddo Correctional Ctr.,* No. 06– 0009–P, 2007 WL 471185, at *3 (W.D. La. Jan. 11, 2007) (prison guard's touching of inmate's buttocks and demanding additional exposure of genital area did not constitute an Eighth Amendment claim). The sexual abuse must be "severe or repetitive" to rise to the level of an Eighth Amendment violation. *See Boddie,* 105 F.3d at 861. Further, in the context of a claim under the 8th Amendment, the injury must be more than *de minimis*. *Hudson v. McMillian,* 503 U.S. 1, 10 (1992).

Even accepting Plaintiff's allegations as true, he has failed to an Eighth Amendment claim of sexual assault against either Nurse Samuel, Officer Martinez, or Officer Samniego. Plaintiff's allegations indicate that Nurse Samuel inserted his gloved finger into Plaintiff's anus as part of a medical investigation to determine whether any sexual conduct had occurred between Plaintiff and his cell mate. Plaintiff alleges nothing to suggest that Nurse Samuel abused Plaintiff in a severe and repetitive manner or otherwise caused him to suffer from more than a *de minimis* injury. *Flores v. El Paso County Sheriff's Dep't*, No. 06-CV-419, 2007 WL 9710501, at *7 (W.D. Tex. Jun. 29, 2007) ("[I]isolated, unwanted touchings by prison employees, with no more than *de minimis* physical or psychological injuries do not rise to the level of a federal constitutional violation."). The fact that Nurse Samuel, Officer Samniego, and Officer Martinez laughing at Plaintiff during the examination, while troubling, does not rise to the level of an Eighth Amendment violation in the absence of a sufficiently serious sexual

assault. If the nurse was told that the Plaintiff was seen engaging in sexual intercourse with another inmate, she would be required to check for signs of intercourse, which she did. There is no indication that the examination was prolonged in order to humiliate Plaintiff. If anything, the nurse was helpful to Plaintiff because her exam found no evidence that Plaintiff had engaged in sexual intercourse. Accordingly, the undersigned recommends that Plaintiff's Eighth Amendment claim of sexual assault be dismissed as frivolous and/or for failure to state a claim.

### D. Retaliation

Plaintiff claims that Officer Martinez instituted a false disciplinary case against Plaintiff in retaliation for being written up by Plaintiff. A prisoner's First Amendment right of access to courts includes the right to seek redress through an established prison system. *See Jackson v. Cain*, 864 F.2d 1235, 1248-49 (5th Cir. 1989). Prison officials may not retaliate against a prisoner for exercising this right. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). Because it is well established that prison officials may not retaliate against a prisoner for exercising the right to file lawsuits and administrative grievances, actions that might not otherwise be offensive to the Constitution can give rise to a constitutional claim if taken in retaliation for the exercise of the protected conduct. *Id.* at 1165 ("an action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate") (citations omitted).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or

her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). However, some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that such acts would not deter the ordinary person from further exercise of his rights. *Id.* Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.* For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. *Id.* at 687.

In this case, Plaintiff alleges that: (1) in either June or July 2016, Plaintiff brought a formal complaint against Officer Martinez for falsifying documents in connection with filing a disciplinary case against Plaintiff for being out of place as well as engaging in trafficking and trading; (2) Officer Martinez then began to harass and threaten Plaintiff with either false disciplinary cases or a transfer to a medium custody prison;; (3) on or about September 19 or 20, 2016, Officer Martinez falsely accused Plaintiff of sexually assaulting his cell mate; (4) at the time Officer Martinez made the accusation, he told Plaintiff that "I got you bitch for writing me up"; and (5) a false disciplinary case was

brought against Plaintiff where he was not allowed to present certain evidence or call certain witnesses on his behalf.

Plaintiff's allegations, accepted as true, suggest that he exercised his constitutional right to file a grievance and that, but for his decision to bring the grievance, Officer Martinez would not have engaged in the retaliatory act of bringing a disciplinary case against Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's retaliation claim against Officer Martinez in his individual capacity be retained and that service be ordered on this defendant.

### E. Disciplinary Hearing (Due Process)

Plaintiff claims that he was subjected to an improper and false disciplinary case in which he was found guilty by DHO John Doe of engaging in consensual activity for the purpose of sexual gratification. Plaintiff complains that: (1) Officer Cano refused to call witnesses or produce exculpatory evidence; and (2) while Plaintiff's cell mate executed a statements exonerating Plaintiff of wrongdoing, DHO John Doe failed to consider such statements, failed to allow other witnesses to testify, and failed to consider other exculpatory evidence.

The Supreme Court has held that due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995). In other words, "[p]risoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a

constitutionally protected liberty interest." *Hall v. Thaler*, No. H-07-0763, 2010 WL 883730, *6 (S.D. Tex. Mar. 11, 2010).

Plaintiff testified at the *Spears* hearing that the punishment imposed on him in connection with his disciplinary conviction consisted of the loss of recreation and commissary for 45 days, 45 days phone restrictions, reduction in line class from trustee to line 1, the temporary cancellation of visitation privileges, and about 100 days loss of good time credits. None of the sanctions imposed on Plaintiff constituted an "atypical and significant hardship." *Sandin*, 515 U.S. at 484-86. The imposition of commissary, recreation, phone, and visitation restrictions do not implicate a constitutionally-protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Gillaspie v. Davis*, No. 3:17-CV-160, 2018 WL 3216061, at *2 (N.D. Tex. Jun. 13, 2018). Likewise, Plaintiff's reduction in line class fail to implicate due process concerns. *See Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995).

Plaintiff further complains that he was placed in a more restrictive housing following the disciplinary proceeding. Plaintiff, however, did not receive as a specific punishment for his disciplinary conviction placement in more restrictive housing. Even if such placement was for punishment purposes in connection with his disciplinary proceeding, he provides no facts to suggest that his placement constituted an "atypical and significant hardship." *Sandin*, 515 U.S. at 484-86.

With respect to the loss of good time credits, Plaintiff stated that he is ineligible for mandatory supervision based on his underlying aggravated robbery conviction. No

liberty interest exists with respect to earned good-time credits when an inmate is ineligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700. *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits."). Accordingly, it is respectfully recommended that Plaintiff's due process claims against DHO John Doe and Officer Cano be dismissed as frivolous and/or for failure to state a claim.

## V.   CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's retaliation claim against Officer Vicente Martinez in his individual capacity be retained. It is respectfully recommended further that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (2) Plaintiff's remaining claims against all Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 13th day of March, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).