United States District Court
Southern District of Texas
**ENTERED**
August 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL  ROJAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-238 |
| | § | |
| VICENTE  MARTINEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT MARTINEZ'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Manuel Rojas, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is a Motion for Summary Judgment filed by Defendant Vicente Martinez. (D.E. 20). For the reasons stated herein, the undersigned respectfully recommends that the Court **GRANT** Defendant Martinez's summary judgment motion.

## I.    JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal

Institutions Division (TDCJ-CID), and is presently housed at the McConnell Unit in Beeville, Texas.  The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's current housing assignment.

Plaintiff filed his original complaint on August 10, 2018, naming the following defendants: (1) Officer Martinez; (2) Georgy Samuel; (3) Placido Samniego; (4) John Doe, Disciplinary Hearing Officer (DHO); (5) Kenneth Putnam, Assistant Warden; and (6) Adriana Cano. Plaintiff raises claims of sexual assault, retaliation, and violation of his due process rights. He seeks declaratory, injunctive, and monetary relief.

A *Spears*[1] hearing was held on November 6, 2018, where Plaintiff was given an opportunity to explain his claims.  On March 13, 2019, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R), recommending that: (1) the Court retain Plaintiff's retaliation claim against Martinez in his individual capacity for alleged actions taken after Plaintiff filed his grievance in June or July 2016; (2) Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (3) Plaintiff's remaining claims against the remaining defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous.  (D.E. 12).  Magistrate Judge Ellington, therefore, ordered service of Plaintiff's complaint on Martinez.  (D.E. 13).  Senior District Judge Hilda G. Tagle subsequently adopted the M&R.  (D.E. 16).

On April 29, 2019, Martinez filed an answer to the complaint.  (D.E. 14).  On

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

March 18, 2020, Martinez filed a Motion for Summary Judgment as well as several exhibits in support.  (D.E. 20).  Plaintiff has not responded to the summary judgment motion.  The motion, therefore, is deemed unopposed.[2]  However, because Plaintiff is appearing *pro se*, the undersigned will address the merits of Martinez's motion for summary judgment.

## III.   SUMMARY JUDGMENT EVIDENCE

Martinez offers the following summary judgment evidence:

Exh. A:     Plaintiff's Relevant Grievance Records (D.E. 20-1, pp. 1-87).

Exh. B:     Plaintiff's Relevant Classification and Disciplinary Records (D.E. 20-1, pp. 88-92; D.E. 20-2; D.E. 20-3; D.E. 20-4, pp. 2-13).

Exh. C:     Disciplinary Records for Defendant Vicente Martinez (D.E. 20-4, p. 15).

Exh. D:     Relevant Portions of the TDCJ Offender Orientation Handbook (D.E. 20-4, pp. 17-19).

Exh. E:     No Records Affidavit Pertaining to Grievances Filed by Plaintiff for the Relevant Period (D.E. 20-4, p. 21).

Exh. F:     Affidavit of Vicente Martinez (D.E. 22).

Exh: G:     Audio of Disciplinary Hearing (D.E. 21).

Plaintiff has not submitted any evidence in response to Martinez's summary judgment motion.  However, Plaintiff's verified complaint, attachments thereto, and testimony at the *Spears* hearing also serve as competent summary judgment evidence.

---

[2] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition."  LR 7.4.

*See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017). Like other parts of the record, Plaintiff's verified complaint and *Spears*-hearing testimony must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c)*.") (emphasis added) (citations omitted).

The undersigned, therefore, will not consider parts of Plaintiff's verified complaint or *Spears*-hearing testimony that are not made on personal knowledge or that would be inadmissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence establishes the following.

### A. Plaintiff's Verified Complaint and *Spears* Hearing Testimony

On September 20, 2016, a disciplinary case was brought by Martinez against Plaintiff (Case No. 20170024331). Martinez alleged in the disciplinary case that Plaintiff had engaged in consensual activity for sexual gratification with his cellmate. Plaintiff complained that Martinez brought the disciplinary case in retaliation for Plaintiff previously filing a formal complaint against Martinez in June or July 2016.

Plaintiff denied committing the sex act and claimed that Martinez's charge was false. A physical examination of Plaintiff and his cellmate did not indicate that sexual activity had occurred.

On September 22, 2016, a disciplinary hearing officer (DHO) conducted the disciplinary hearing in Case No. 20170024331 and found Plaintiff guilty of the charge. Plaintiff was not permitted to introduce evidence or call witnesses in Plaintiff's case. Punishment was imposed on Plaintiff in the form of various sanctions.   Plaintiff's cellmate was found not guilty.

### B.  Martinez's Evidence

On September 20, 2016, in Disciplinary Case No. 20170024331, Plaintiff was charged with sexual intercourse for sexual gratification.   (D.E. 20-3, p. 1).   At a disciplinary hearing conducted on September 22, 2016, Plaintiff was found guilty and received sanctions of: (1) 45 days loss of recreation and commissary; (2) 45 days of phone restrictions; (3) reduction in line status from S3 to L1; and (4) temporary suspension of visitation.  (D.E. 20-3, p. 1).

In his affidavit, Martinez states that he was unaware of Plaintiff filing a formal complaint against him for falsifying documents in June or July 2016 and that he, therefore, was not aware of any such complaint when be brought the disciplinary case against Plaintiff.  (D.E. 22, p. 2).  TDCJ records do not reflect that: (1) Martinez brought a disciplinary case against Plaintiff for being out of place and/or trafficking and trading (D.E. 20-1, pp. 89-92; D.E. 20-2; D.E. 20-3; D.E. 20-4, pp. 2-14); or (2) Plaintiff filed a grievance against Martinez before September 20, 2016.  (D.E. 20-1, pp. 2-87; D.E. 20-4, p. 21).

## IV.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.*  Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving

party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  *Caboni*, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  *Anderson*, 477 U.S. at 250-51.

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense.  *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).  When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law.  *Id.* Plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of the official's conduct.  *Bazan v. Hidalgo County*, 46 F.3d 481, 490 (5th Cir. 2001).

## V.    DISCUSSION

### A.    Retaliation

Plaintiff claims that Martinez retaliated against him for filing a formal complaint. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of

constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected inmates." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.* For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. *Id.*

8 / 13

at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)).  An inmate must allege more than his personal belief that he is the victim of retaliation.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).  Mere conclusory allegations of retaliation will not withstand a summary judgment challenge.  *Woods*, 60 F.3d at 1166.  The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id.*  A successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred.  *Id.*

Here, Plaintiff claims that Martinez retaliated against him for filing a complaint by bringing a disciplinary case against Plaintiff in which Martinez falsely accused Plaintiff of engaging with his cellmate in a sex act.  Martinez contends in his summary judgment motion that the evidence does not support a finding of retaliatory intent, that there is no evidence of a retaliatory adverse act, and that the evidence does not support causation. (D.E. 20, pp. 5-12).

The competent summary judgment evidence reflects that: (1) TDCJ has no record of a complaint filed by Plaintiff against Martinez in June or July 2016, and Martinez was not aware of such a complaint (D.E. 20-3, p. 21; D.E. 22); (2) Martinez reported an incident per TDCJ protocols, which led to him bring a disciplinary case against Plaintiff

on September 20, 2016, for engaging in consensual intercourse for sexual gratification (D.E. 20-3, pp. 1-2; D.E. 22); (3) on September 22, 2016, Plaintiff was found guilty of this charge (D.E. 20-3, p. 1); (4) Plaintiff filed grievances related to the September 2016 disciplinary case after the proceedings concluded (D.E. 20-3, p. 2; D.E. 20-1, pp. 49-52, 69-72); and (5) Plaintiff also filed grievances on unrelated matters (D.E. 20-1, pp. 4-5 & 37-40).

The competent summary judgment evidence does not show that Martinez had the requisite retaliatory intent when he brought a disciplinary case against Plaintiff on September 20, 2016. There is no documentary evidence before the Court that Plaintiff filed a complaint against Martinez before September 20, 2016, where Plaintiff accused Martinez of falsifying documents in connection with another disciplinary case. In contrast, Martinez stated in his affidavit that he was not aware of any such complaints at the time he brought the disciplinary case against Plaintiff.

As noted above, to prevail on a retaliation claim, Plaintiff must demonstrate that he suffered an adverse act that "would chill or silence a person of ordinary firmness" from complaining in the future. *Morris,* 449 F.3d at 685-86. A review of the competent summary judgment evidence reflects that the disciplinary case filed by Martinez against Plaintiff had no chilling effect on Plaintiff's ability to exercising his right to file grievances. Thus, the competent summary judgment evidence fails to show that Plaintiff suffered an adverse action as a result of Martinez's conduct on September 20, 2016.

Lastly, Plaintiff has presented no evidence to satisfy causation, which is his burden of producing direct evidence of retaliation, or alleging a chronology of events

from which retaliation may plausibly be inferred.  *Woods*, 60 F.3d at 1166.  As discussed above, Martinez stated in his affidavit that he was unaware of any formal complaint brought against him before September 2016, and the record demonstrates Plaintiff did not file any such grievances during this time.   Even assuming that Plaintiff had filed a complaint against Martinez, the competent summary judgment evidence shows at best only a temporal proximity between the time when Plaintiff claims he filed a complaint against Martinez in June or July 2016 and Martinez's action in September 2016.  Such temporal proximity alone is insufficient to establish "but for" causation in a retaliation claim.  *Reese*, 322 F. App'x at 383.  Plaintiff fails to present any competent summary judgment evidence to demonstrate anything more than his belief he was the victim of retaliation on that day.

In sum, when viewing the competent summary judgment in a light most favorable to Plaintiff, no genuine issues of material fact exist as to whether Plaintiff can demonstrate a retaliation claim against Martinez with regard to his actions taken on September 20, 2016.   Accordingly, the undersigned respectfully recommends that Martinez be entitled to summary judgment on this retaliation claim and dismissal of same with prejudice.

### B.    Qualified Immunity

Martinez contends that he is entitled to qualified immunity which shields him from constitutional liability in his individual capacity.  (D.E. 20, pp. 12-15).  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "To discharge this burden, the plaintiff must satisfy a two-prong test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). First, he must claim that the defendant committed a constitutional violation under current law. *Id.* Second, he must claim that the defendant's action was objectively reasonable in light of the law that was clearly established at the time of the complained-of actions. *Id.*

It is often but not always appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation has occurred. *See Pearson*, 555 U.S. at 236. In this case, because Plaintiff has failed to establish a retaliation claim against Martinez in his individual capacity, it is not necessary to examine whether Martinez's actions were objectively reasonable. Accordingly, it is respectfully recommended that Martinez be entitled to qualified immunity as to Plaintiff's retaliation claim asserted against him in his individual capacity.

## VI.   CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Martinez's Motion for Summary Judgment (D.E. 20) be **GRANTED,** that he be entitled to qualified

immunity with respect to Plaintiff's retaliation claims against him in his individual capacity, and that Plaintiff's retaliation claims be **DISMISSED WITH PREJUDICE**.

Respectfully submitted this 25th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).